UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

                    Plaintiff,

          v.                                           Case No. 26-cv-646-pp

CO THOMAS and JOHN DOE,

                    Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

---

Plaintiff Glen R. Jeffery, Jr., who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1.

## I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On April 28, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $0.29. Dkt. No. 7. The court received that fee on May 15, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on August 6, 2024, while he was confined in the restrictive housing unit at Racine Correctional Institution on "constant clinical observation status," defendant Officer Thomas started harassing him and laughing at him. Dkt. No. 1 at 2. Thomas allegedly called the plaintiff names such as "Bubble boy," "Big Dummy," and "Big Suicide." Id. The plaintiff states that Thomas said that the plaintiff should "stop playing around inserting pens into your dick, and acting like you're going to cut yourself, gone head [sic] and kill yourself then and get it over with cause frankly I'm tired of hearing that shit. You still got that razor, right? Then use it." Id. Thomas allegedly then

3

said he would deny the plaintiff his dinner meal because "dead people don't need food." Id.

The plaintiff alleges that he felt even more depressed from Thomas's comments, so he followed Thomas's advice, took out a razor and told Thomas and defendant Officer John Doe that he was about to cut his vein and kill himself. Id. Thomas allegedly said that he did not care and that he was "tired of [the plaintiff's] shit." Id. The plaintiff states that he began to cut his vein while Thomas stood at his cell front and watched, saying he didn't care and "making exaggerated hand and arm motions." Id. The plaintiff allegedly continued to "cut at his vein and was bleeding severely." Id. He says that after about ten minutes, the other officer radioed for a supervisor to come to the unit. Id. The plaintiff asserts that when a lieutenant arrived the plaintiff was having a "full mental health breakdown [and] [he] cut at [his] arm then inserted the razor into [his] urethra to cut open [his] urethra as well." Id. The plaintiff states that he was taken to the local hospital for emergency services where the doctor used liquid stitches to close his wound. Id.

The plaintiff claims that the defendants showed callous disregard for his health and safety and disregarded his suicide attempt. Id. He is asking for declaratory relief, compensatory damages, punitive damages and nominal damages. Id. at 3.

C.    Analysis

Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act or fail to act with "deliberate indifference to

4

serious medical needs of prisoners." <u>Whitaker v. Dempsey</u>, 144 F.4th 908, 916 (7th Cir. 2025) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, the plaintiff must show that (1) he faced a substantial risk of harm due to an objectively serious medical condition and that (2) the defendants knew of and disregarded the risk. <u>Id.</u> (citing <u>Palmer v. Franz</u>, 928 F.3d 560, 563-64 (7th Cir. 2019)). "A genuine risk of suicide or self-harm constitutes an objectively serious medical condition." <u>Id.</u> (citing <u>Lisle v. Welborn</u>, 933 F.3d 705, 716 (7th Cir. 2019) (suicide) and <u>Miranda v. C'nty of Lake</u>, 900 F.3d 335, 349 (7th Cir. 2018) (self-harm)).

The plaintiff alleges that defendant Thomas encouraged the plaintiff to harm himself. The plaintiff also alleges that Thomas and Officer Doe stood by and watched as he cut himself with a razor. These allegations implicate the plaintiff's rights under the Eighth Amendment. He may proceed against Thomas in his individual capacity. Once Thomas has filed an answer to the complaint and the court issues a scheduling order, the plaintiff will need to use discovery to identify Officer Doe.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant CO Thomas. Under the informal service agreement, the court

5

**ORDERS** that defendant to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$349.71** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

6

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 14th day of July, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7